IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D'ANGELO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 21-cv-3722 |
| | ) | |
| ELITE AUTO CORP. and PAUL KIECA | ) | Trial by Jury Demanded |
| | ) | |
| | ) | |
|     Defendants. | ) | |

**COMPLAINT**

Plaintiff, Christopher D'Angelo ("D'Angelo"), by his undersigned attorneys, complains against Defendants as follows:

**Statement of the Case**

1. On or about May 17, 2021, Christopher D'Angelo purchased a 1995 Eagle Talon (VIN 4E3AL54F2SE225087) ("Talon") from Elite Auto Corp. ("Elite") for a price of $6,500.00 plus fees and shipping costs for a total of $7800. *See* Exhibit 1. He purchased the Talon through eBay after viewing the eBay online listing for the Talon prepared by Defendants. The listing, which he reviewed and relied upon in purchasing the Talon, stated in relevant part:

> **Inspection**: Every effort has been made to accurately and fairly describe the vehicle to you. Elite Auto Corporation has tried to disclose all the information known about the vehicle of auction. Please be advised that used vehicles will have typical scratches and dings inherent for the year and mechanical parts are subject to fail. …

2. D'Angelo viewed the listing including the inspection notification before deciding to purchase Talon.

3. D'Angelo purchased the Talon after being deceived by Elite and its owner, Paul Kieca who, on information and belief, prepared or approved the eBay listing information.

Defendants deceived D'Angelo by omitting numerous material facts from the by misstating that all information known about the Talon was disclosed by Elite.

4. Defendants knowingly omitted to disclose from the Ebay listing for the Talon the following material facts: (a) its many material structural defects, including severe undercarriage rust, ill-repairs, suspension rust, and rusted out power train components as shown in the photographs attached hereto as Exhibit 2; (b) its misaligned body panels which are a telltale sign of structural unibody damage as shown in Exhibit 2; and (c) that it could not be driven safely. In addition, the listing linked to an AutoCheck report which listed no accidents or damage, even though the Talon as reported by CarFax had been in an accident or had suffered damages pursuant to a report to CarFax dated April 21, 2021, which presumably was the result of an insurance auction listing. Elite purchased the Talon at an insurance auction for vehicles which are generally in damaged condition. The glove box contained a repair invoice with an inspection report attached when the Talon arrived for delivery to D'Angelo. The invoice is dated October 13, 2020. The inspection report reflects that the Talon's brake hoses were leaking and the invoice shows that issue was not corrected at that time. Exhibit 3.

5. In reliance on the online advertisement, D'Angelo purchased the Talon via Ebay.

6. Had D'Angelo known the truth about the Talon's damaged and dangerous condition, he would not have purchased it.

**Parties**

7. Plaintiff Christopher D'Angelo is a citizen of Colorado and resides in Littleton, Colorado.

8. Defendant Elite is an Illinois corporation with its principal place of business in Chicago, Illinois.

9. Defendant Paul Kieca is a citizen of Illinois and resides in Illinois. Kieca is the owner of Elite. Kieca authorized the deceptive online advertisement for the Talon and thus directly participated in the consumer fraud that is the subject of this lawsuit.

**Jurisdiction and Venue**

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as Plaintiff and Defendants are completely diverse and the amount in controversy exceeds $75,000, excluding costs and interest. D'Angelo suffered over $6,000 in diminished value damages and will incur $435 in tax overcharges in order to sell the Talon and mitigate his damages. He also suffered at least $10,000 in aggravation, inconvenience, and emotional distress damages. He is entitled to punitive damages of over $65,740 in an amount to be determined by the jury due to the willful and wanton nature of the Defendants' misconduct which includes putting a dangerous vehicle onto the roads that could injure D'Angelo and others in violation of the Illinois Motor Vehicle Code.

11. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the events or omissions giving rise to Plaintiff's claims against Defendants occurred in this district.

**Facts**

12. On or about March 23, 2021, D'Angelo saw Elite's online Ebay listing for the Talon. D'Angelo would not have even considered purchasing the Talon if he had known the Talon had material structural issues, could not be driven safely and had been damaged in the undercarriage and purchased by Elite at an insurance auction for damaged vehicles.

13. Thereafter because of Kieca and Elite's material misrepresentations and omissions as alleged above, D'Angelo purchased the Talon via eBay.

14. But for the misrepresentations and omissions by Kieca in the parties' conversation and by Kieca and Elite in the online advertisement, D'Angelo would not have agreed to purchase the Talon.

15. D'Angelo paid $6500 plus shipping costs of $800, a documentation fee of $300, and preparation fee of $200 for a total of $7,800. Exhibit 1. He will also incur a title fee charge and taxes if he needs to title the Talon in Colorado in order to sell it.

16. Upon delivery, D'Angelo determined that the Talon had undercarriage damage and was not road worthy. He contacted Elite and attempted return of the Talon, to no avail.

17. Thereafter, D'Angelo repeatedly requested that Elite unwind the transaction and refund the purchase price, and the shipping, and other costs. Elite refused.

18. D'Angelo has suffered actual damages of over $16,435. This includes the following: (a) at least $6,000 in damages resulting from the diminished value of the Talon; (b) $435 in excess sale taxes (due to the overcharge of $6000 in the purchase price) as he will need to pay sales taxes in order to title and sell the Talon for a loss; and (c) aggravation, inconvenience, and emotional distress damages of over $10,000.

## COUNT I

**(Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act)**

19. D'Angelo repeats and realleges herein Paragraphs 1-18.

20. The Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/2, states in relevant part that:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful…

21. Additionally, the Illinois Motor Vehicle Code makes it "unlawful for any person to . . . knowingly permit to be driven or moved on any highway any vehicle . . . which is in such unsafe condition as to endanger any person or property …" 625 ILCS 5/12-101(a).

22. Thus, Defendants had a statutory obligation not to put unsafe cars on the road by deceiving D'Angelo into purchasing an unsafe car.

23. D'Angelo is a consumer within the meaning of 815 ILCS 505/1(e).

24. Elite's sale of the Talon constituted the sale of merchandise and commerce as defined by 815 ILCS 505/1(b).

25. Defendants misrepresented the following material facts in violation of the Consumer Fraud Act: that all observable material defects were disclosed as the result of an inspection by Elite.

26. In violation of the Consumer Fraud Act, Defendants knowingly omitted to disclose the material facts that the Talon had numerous structural and mechanical defects as set forth in paragraph 4 above (and in the photographs contained in Exhibit 2), and was dangerous to drive.

27. Defendants knowingly failed to disclose the damaged and unsafe condition of the Talon resulting from the vehicle being un-merchantable, in sub-standard condition, and dangerous to drive. Elite and Kieca had knowledge of these facts as Elite inspected the Talon before selling it to D'Angelo and is an expert in determining the condition of used cars.

28. On information and belief, the insurance auction where Elite purchased the Talon disclosed to Defendants its substandard condition and undercarriage damage as reported by CarFax. The damaged and unsafe condition of the Talon is obvious to any knowledgeable person in the industry. The rusted and damaged condition of the undercarriage, and the misaligned body

panels can be readily observed upon even a cursory inspection or walk around, including looking under the car as the attached photographs prove. Exhibit 2.

29. Defendants intended for D'Angelo to rely on their misrepresentations, half-truths, and/or omissions of material fact. Defendants knew that a reasonable consumer, like D'Angelo, would not have purchased the Talon if he knew its true history and condition. Defendants also knew that D'Angelo would not have purchased the Talon if he had known it was damaged and unsafe to drive.

30. Defendants knew that the Talon was un-merchantable, in sub-standard condition, and dangerous to drive. Any car dealer, based on a simple inspection would have known the Talon was un-merchantable, in sub-standard condition, and dangerous to drive. The inspection of the Talon was made under Elite's ownership and therefore Elite and Kieca knew that the Talon was un-merchantable, in sub-standard condition, and dangerous to drive.

31. Had D'Angelo known the truth about the Talon, he would not have purchased it.

32. On information and belief, Kieca was involved in supervising the publication of the eBay listing for the Talon and knew that Elite was misrepresenting and omitting material facts in the sale of the Talon. On information and belief, Elite, at the direction of Kieca misrepresented and omitted from the eBay listing, material facts regarding the Talon's damaged, and unsafe condition.

33. As a direct and proximate result of Defendants' fraud, D'Angelo suffered damages of over $16,435, including, but not limited to:

    a. Paying an inflated price for the Talon;

    b. Excessive sales taxes due to the overcharge on the purchase price;

    c. Aggravation, inconvenience, and emotional distress damages.

34. D'Angelo has the option of unwinding the transaction and seeking recission damages and will make such election before trial.

35. Defendants' conduct was willful and wanton, calling for the imposition of punitive damages of over $$65,740 (or at least 4-5 times actual damages) to punish and deter similar conduct in the future and to stop Defendants from continuing to violate the Illinois Vehicle Code by putting unsafe cars on the road and using online auctions to facilitate that fraud to damage consumers like Plaintiff throughout the country and endanger the public.

WHEREFORE Plaintiff Christopher D'Angelo requests that judgment be entered in his favor and against the Defendants as follows:

    A.    Actual damages in an amount to be proven at trial or recission of the transaction;

    B.    The costs incurred in this litigation, including expert fees;

    C.    Attorneys' fees;

    D.    Aggravation, inconvenience and emotional distress damages.

    E.    Punitive damages; and

    F.    Any other relief that the Court deems just.

## **DEMAND FOR JURY TRIAL**

Pursuant to FRCP 38(b), Plaintiff requests a trial by jury on the claims so triable.

Dated: July 13, 2021　　　　　　　　　　　　　　CHRISTOPHER D'ANGELO

　　　　　　　　　　　　　　　　　　　　　　　　By: /s/ Peter S. Lubin
　　　　　　　　　　　　　　　　　　　　　　　　　　　　One of his Attorneys

Peter S. Lubin　　　　　　　　　　　　　　　　Terrence Buehler
Patrick Austermuehle　　　　　　　　　　　　　LAW OFFICES OF TERRENCE BUEHLER
LUBIN AUSTERMUEHLE, P.C.　　　　　　　　　　19 South LaSalle, Suite 702
360 West Butterfield Rd, Suite 325　　　　　　Chicago, IL. 60603
Elmhurst, IL 60126　　　　　　　　　　　　　　(312) 371-4385
(630) 333-0333　　　　　　　　　　　　　　　　tbuehler@tbuehlerlaw.com
peter@l-a.law
patrick@l-a.law